IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JIMENEZ, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 13 CV 7462 |
| v. | )<br>) Judge Robert M. Dow, Jr. |
| CHICAGO SOCCER, INC., et al., | )<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's unopposed motion to conditionally certify a collective action and facilitate notice pursuant to 29 U.S.C. § 216(b) [20]. Plaintiff in that motion seeks (1) conditional certification as a collective action "on behalf of all hourly-paid employees who worked for Defendants (the 'FLSA Class') from October 17, 2010 until the present"; "(2) Court-facilitated notice of this action to the FLSA Class in the form of Exhibit A ('the Notice'); (3) Production of a computer-readable data file containing the names, addresses, telephone numbers and email addresses of the FLSA Class; (4) Posting of the Notice, along with the consent forms, in a place in each of Defendants' stores where members of the FLSA Class are likely to view it; and (5) Authorization to the Named Plaintiff to send notice, at Named Plaintiff's expense, by U.S. First Class mail and e-mail to all members of the FLSA Class to inform them of their right to opt-in to this lawsuit." For the reasons stated below, the Court grants the motion in part and denies it in part. Plaintiff is given 14 days from the date of this order to file an amended proposed notice and opt-in consent form. Defendant is given 7 days after Plaintiff's filing in which to file any objections to the amended notice and consent form. The parties are directed to

engage in a meet-and-confer regarding the motion's discovery request. This matter is set for status at 1:30 p.m. on February 28, 2014. The parties are directed to submit a joint status report no later than three days prior to the status.

I.   **Background**

Plaintiff Jose Jimenez filed an amended complaint [29] alleging that Defendants Chicago Soccer, Inc., Imre Hidvegi, and Edgar Alvarez, willfully failed to pay him and other hourly workers the overtime wages to which they were entitled under the Fair Labor Standards Act, 29 U.S.C. § 207(a), the Illinois Minimum Wage Law, 820 ILCS § 105/4(a), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4. He seeks to proceed on his own behalf and on behalf of all others similarly situated, both as a class representative and lead plaintiff in a collective action. See [29]; *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 981 (7th Cir. 2011).

II.  **Conditional Certification of a Collective Action**

Plaintiff has moved for conditional approval or certification of a federal collective action under the FLSA, 29 U.S.C. § 216(b), which "authorizes employees to act together to seek redress for violations of the statute's minimum wage and maximum hour provisions." *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). In the instant motion [20], Plaintiff identifies the "class" as "all hourly-paid employees who worked for Defendants * * * from October 17, 2010 until the present." [20] at 2, 11. In the proposed notice attached to the motion, Plaintiff identifies the "class" as all "Present and Former Hourly-Paid Employees of Chicago Soccer, Inc. ('Chicago Soccer') who worked at any time from October 17, 2010 through the present," [20-1] address line, "past and present hourly-paid employees who worked for Chicago Soccer at any time from October 17, 20104 to the present, and who have not already had their

2

claims for unpaid overtime wages previously adjudicated," [20-1] ¶ II, and as "any persons who, at any time from October 17, 2010 to the present, worked for Defendants as an hourly-paid employee and who have not already had their claims for unpaid wages previously adjudicated." [20-1] ¶ III. In his amended complaint, Plaintiff uses another "class" definition, proposing that the collective action comprise "[a]ll individuals who are currently employed or were employed by the Defendants, their subsidiaries or affiliated companies, as hourly employees at any time during the relevant statute of limitations period." [29] ¶ 21. Defendants in their answer to the amended complaint "deny that the specified definition describes an appropriate opt-in collective class under the FLSA," [31] ¶ 21, but have not filed any objections to the "class" definitions proposed in the instant motion or proposed notice, notwithstanding the Court's setting of a briefing schedule to enable them to do so. See [22].

. "'[C]ertification' is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful 'case management' tool for district courts to employ in 'appropriate cases.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (quoting *Hoffmann-La Roche*, 493 U.S. 165, 169, 174 (1989)); see also *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (same). "Section 216(b) does not by its terms require any such device, and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice described in *Hoffmann-La Roche* has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action." *Myers*, 624 F.3d at 555 n.10. Indeed, at least 9 individuals already have opted into this suit. See [8], [19], [27]. Nonetheless, "[t]he conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA

collective action should be sent a notice of their eligibility to participate and given the opportunity to participate in the collective action." *Ervin*, 632 F.3d at 974.

Courts generally take a two-step approach to conditional approval or certification of a federal collective action. See, *e.g.*, *Myers*, 624 F.3d at 554-55; *Hipp v. Nat'l Life Ins. Co.*, 252 F.2d 1208, 1218 (11th Cir. 2001). At the first step, the court makes an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiff with respect to whether a FLSA violation has occurred. *Myers*, 624 F.3d at 555. Plaintiff bears the burden of making a "modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)); see also *Bergman v. Kindred Healthcare, Inc.*, --- F. Supp. 2d ----, 2013 WL 2632596, at *3 (N.D. Ill. June 11, 2013).[1] "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (citations omitted). It requires "some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala*, 691 F.3d at n.4 (quotation omitted); see also *Molina v. First Line Sol'ns LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("Unless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required modest factual showing."). This lenient standard occasionally is heightened if the

---

[1] Some courts characterize the plaintiffs' burden as one of showing "a reasonable basis for his claim that there are other similarly situated employees." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).

plaintiff has been allowed extensive discovery, see *Bergman*, --- F. Supp. 2d at ----, 2013 WL 2632596, at *3, but the parties have not suggested that is the case here.

If Plaintiff is able to satisfy his initial burden, notice may be issued to prospective plaintiffs who may opt in to the action. Then, when discovery is closed, the case moves to the second step. On the more robust record, the Court determines whether the so-called "collective action" may go forward by assessing "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555; see also *Bergman*, --- F. Supp. 2d at ----, 2013 WL 2632596, at *3 (explaining that at the second step, "the defendant is given an opportunity to move for decertification"). "At the second stage, the court considers (1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to individually applied to each plaintiff; and (3) fairness and procedural concerns." *Strait v. Belcan Eng'g Grp., Inc.*, 911 F. Supp. 2d 709, 718 (N.D. Ill. 2012) (quotation omitted). This stage is where the certification becomes more akin to the familiar Rule 23 class certification standard, see *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); "it is not until the conclusion of the opt-in process and class discovery 'that the court more rigorously reviews whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action.'" *Tamas v. Family Video Movie Club, Inc.*, 2013 WL 4080649, at *3 (N.D. Ill. Aug. 13, 2013) (quoting *Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010)).

Here, Plaintiff has made the minimal "modest factual showing" sufficient to carry him past the first stage of the conditional certification process. Plaintiff and several already opted-in

Plaintiffs have submitted sworn declarations attesting to the hours they worked, the pay they received, and Defendant's alleged practices regarding overtime pay. See [20-2], [20-3], [20-4], [20-5], [20-6], [20-7]. Plaintiff also has provided the Court with an excerpt from Defendant's "Hiring Process and Employee Manual" that outlines Defendant's overtime pay policy. See [20-8]. Accordingly, the Court concludes that Plaintiff has met his burden of demonstrating that he and others were subject to a common policy or course of conduct by Defendants, and that issuance of a notice advising prospective opt-in plaintiffs of their rights is appropriate in this case.

## III.     Contents of Notice & Opt-In Consent Form

Plaintiff submitted with the instant motion a proposed notice of collective action to distribute to potential opt-in plaintiffs. See [20-1]. Defendants did not file any opposition to Plaintiff's motion for conditional certification, nor did they object to any of the substantive content of Plaintiff's proposed opt-in notice. The Court, however, has both a "substantial interest in" and "managerial responsibility" for communications mailed for single actions involving multiple parties. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989). "By monitoring preparation and distribution of the notice" sent to prospective opt-in plaintiffs in collective actions brought under the Fair Labor Standards Act, the Court "can ensure that it is timely, accurate, and informative." *Id.* at 172. The Court also can ensure that the contents of the notice are "reasonable" and not "misleading." *Id.* However, "[i]n exercising the discretionary authority to oversee the notice-giving process," the Court "must be scrupulous to respect judicial neutrality." *Id.* at 174. "To that end, [the Court] must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.*

Here, the Court is troubled by Plaintiff's shifting definition of the proposed opt-in class, see [20] at 2, 11; [20-1] address line; *id.* ¶¶ II, III; [29] ¶ 21, as well as the breadth and temporal reach of the various definitions. The Court also notes that Plaintiff's proposed notice does not identify all of the Defendants named in this action; it mentions Defendant Chicago Soccer, Inc., but does not contain the names of the other two Defendants or explain why it uses the plural "Defendants" to refer to the only identified Defendant.

Additionally, Plaintiff has not provided for the Court's review – or Defendants' potential objections – a proposed opt-in consent form. The Court assumes that the proposed opt-in form would be similar to those already submitted. See [8], [19], [27]. However, those forms may be misleading or inaccurate in that they identify only a singular Defendant (Chicago Soccer, Inc.), indicate that the class encompasses individuals who worked for "subsidiaries" of Defendant Chicago Soccer, identify Plaintiff as "Class Representative" rather than "Named Plaintiff" as in the proposed notice, and direct prospective plaintiffs to mail completed forms to a different address ("CHICAGO SOCCER UNPAID WAGES ACTION") than is used in the proposed notice ("CHICAGO SOCCER UNPAID OVERTIME ACTION").

For all of these reasons, the Court declines to approve the proposed notice in its present state. Plaintiff is given 14 days to file an amended proposed notice and opt-in consent form that addresses the above concerns and clearly identifies all changes that Plaintiff has made to its contents. Defendant is given 7 days after Plaintiff's filing in which to file any objections to the amended notice and consent form.

## IV. Distribution of Notice & Discovery of Prospective Plaintiffs

Plaintiff requests that the Court authorize Plaintiff to post the notice in Defendants' stores and mail it to prospective opt-in plaintiffs. He also seeks from Defendants a computer-readable

7

data file containing the names, addresses, telephone numbers and e-mail addresses of all prospective opt-in plaintiffs. In light of the Court's conclusion that the proposed notice in its present state does not clearly define the class, the Court denies these portions of the motion without prejudice. Upon Plaintiff's filing of an amended proposed notice and consent form, the Court will revisit the issue of its distribution. With respect to his discovery request, Plaintiff is reminded that Local Rule 37.2 requires parties to engage in a meet-and-confer to attempt to resolve any discovery disputes prior to seeking relief from the Court. Plaintiff's current request does not comport with Local Rule 37.2 and accordingly is denied without prejudice.

**V.     Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion to conditionally certify a collective action [20]. Plaintiff is given 14 days from the date of this order to file an amended proposed notice and opt-in consent form. Defendant is given 7 days after Plaintiff's filing in which to file any objections to the amended notice and consent form. The parties are directed to engage in a meet-and-confer regarding the motion's discovery request. This matter is set for status at 1:30 p.m. on February 28, 2014. The parties are directed to submit a joint status report no later than three days prior to the status.

Dated: January 24, 2014

Robert M. Dow, Jr.
United States District Judge